IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN M. PADDICK | : | |
|    Movant | : | |
|       v. | : | NO.: **13-374** |
| | : | |
| THERESA HOWARD  . | : | |
|    Respondent | : | |

## DECLARATION OF RYAN M. PADDICK

Ryan M. Paddick states under penalty of perjury that the following is true and correct:

1. I am currently an attorney-at-law licensed to practice in the Commonwealth of Pennsylvania.

2. My office address is 2102 Kimberton Road, Kimberton, in the County of Chester, Pennsylvania.

3. Theresa Howard, respondent, resides in the City and County of Philadelphia, Pennsylvania.

4. On January 14, 2013, Theresa Howard engaged movant in his capacity as an attorney, for the purpose of commencing and pursuing an action in the U.S. District Court for the Eastern District of Pennsylvania, against the Philadelphia Housing Authority, the Metropolitan Regional Council of Carpenters and Joiners of America, Edward Coryell, Sr, and Mark Durkalec on respondent's behalf.

5. On January 14, 2013, respondent, Theresa Howard, and movant agreed in writing that respondent was to pay movant 40% of total proceeds of any settlement or judgment and attorney's fees awarded, for services, together with all costs and expenses in connection with respondent's case.

6. After investigation and preparation, movant filed a complaint in the U.S. District Court for the Eastern District of Pennsylvania on behalf of respondent. The case is styled Theresa Howard v. Philadelphia Housing Authority, et. al., at Docket No. 13-374.

7. There is a settlement fund available for distribution that would not have been available absent movant's efforts.

8. It was agreed that the movant would be compensated from funds recovered on behalf of the respondent.

9. The lien claimed by the movant is only for costs and fees incurred in the litigation by which the fund was established.

10. Movant diligently prosecuted respondent's action.

11. Movant's work on the matter consisted of 221.1 hours.

    a. 155.7 hours overlap with work done for respondent's other case at Docket # 09-4285.

12. The movant's efforts included, but were not limited to:

    a. Meeting with the client to gather documents and facts pertinent to her case starting January 14, 2013, when the undersigned was engaged.
    b. Drafting and filing her complaint.
    c. Diligently prosecuting her case.
    d. Attending and preparing for conferences.
    e. Conducting all written discovery and depositions in this matter.
    f. Drafting and responding to all motions in the instant matter until new counsel entered the case, until terminated by the Client on April 22, 2015.

13. The costs that were incurred on behalf of the respondent are $2,628.41.

    a. $2,243.90 in costs overlap with costs respondent's other case at Docket # 09-4285.

14. Movant diligently prosecuted respondent's action until, April 22, 2015, when respondent notified movant, via email, that she was terminating her engagement of movant and using Sandra Thompson, Esquire for continued representation in the instant action.

15. The agreement with Theresa Howard contained a clause that should she terminate attorney prior to the finalization of the case, an hourly fee of $350.00 would be due to the attorney.

16. Ms. Howard had the duty to inform any successor counsel of the provision of fees due.

17. Movant, on numerous occasions communicated to respondent, via new counsel, Sandra Thompson, Esquire that he had a lien and expected to be compensated for his work on the case at the time of recovery.

18. On October 21, 2015, Movant forwarded copies of some of the fee agreements at issue to respondent, via her counsel, to Sandra Thompson.

19. When movant discussed this issue with respondent's counsel, the response was that respondent believed that movant was owed nothing for his work or costs associated with the case.

20. Despite the differences, the movant continued to exchange information, that he believed would be useful, with respondent's new counsel until the close of the case.

21. On September 25, 2017, Catherine S. Straggas, Esquire, counsel for Defendant Philadelphia Housing Authority, informed the Court via e-mail that the matter had "…settled inclusive of attorneys' fees and costs."

22. Respondent's recovery was in great part obtained through the time, work, and effort of movant.

23. Movant is entitled to compensation in the amount of $77,735.00, for legal services based on the hourly rate of $350.00/hour for 222.1 hours.

24. Movant is entitled to reimbursement for costs, in the amount of $2,628.41, incurred in the performance of legal services in connection with the instant action on behalf of respondent, Theresa Howard.

25. The respondent obtained her recovery in great part due to the efforts of the movant.

26. In the alternative, Movant is entitled to compensation, based on quantum meruit, for his role in obtaining a recovery for the respondent.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: November 17, 2017

By: _____
Ryan M, Paddick, Esquire